

1251 Sixth Ave
21st Floor
New York, NY 10020

**Abigail Everdell**

Tel: (212) 603-6468 Tel
Fax: (212) 379-5244 Fax
abigaileverdell@dwt.com

August 2, 2024

**Via ECF**
The Honorable Ronnie Abrams
United States District Court
40 Foley Square
New York, NY 10007

   Re: *Santiago v. Townsquare Media, Inc.*, **Case No. 1:24-cv-03851-RA (S.D.N.Y. 2024)**

Dear Judge Abrams:

  Pursuant to Rule III of Your Honor's Individual Rules and the Court's order at the Parties' July 26, 2024 pre-trial conference, Defendant Townsquare Media, Inc. ("Defendant") submits this letter requesting a stay of all discovery except as to highly targeted, limited discovery into the narrow question of Plaintiff's licensing relationship with Freedom News TV pursuant to Fed. R. Civ. P. 56(c)(1)(A).

  This is a case for copyright infringement. Defendant intends to move for summary judgment on Plaintiff's claim because, in addition to Defendant's displays of screenshots of Plaintiff's works being *de minimis* and fair use, Defendant's embedding of Plaintiff's video on its website was authorized by a license granted via YouTube's Terms of Service. The *only* factual question is whether Plaintiff's licensing agency FreedomNews.TV ("FNTV") was authorized to post the video to YouTube and thereby enter into the license agreement set forth in YouTube's Terms of Service. If it did, all of Plaintiff's claims may be decided as a matter of law with no further discovery.

  By way of background, Defendant is the owner and publisher of www.nj1015.com ("nj1015.com") the website for New Jersey radio station 101.5 FM, which reports on news in the New Jersey area. On or about July 5, 2023, Defendant published an article entitled "Two Newark, NJ Firefighters Die in Cargo Ship Fire." Within the article, Defendant embedded a link to a video allegedly authored by Plaintiff depicting first responders arriving on the scene of the cargo ship fire ("Video 1").[1] Video 1 had been posted to the FNTV YouTube channel, and appeared on nj1015.com as an embed of that post. *See* https://www.youtube.com/watch?v=3dOpSwx35kI&t=1s. *See* also Exhibit A hereto (a

---

[1] "[A]n 'embedded' image is one that hyperlinks to a third-party website. To embed an image [or video], a coder or web designer adds an 'embed code' to the HTML instructions; this code directs the browser to the third-party server to retrieve the image [or video]. Thus, the image appears on the new page, but links to and remains hosted on the third-party server or website." *Walsh v. Townsquare Media, Inc.*, No. 19-CV-4958 (VSB), 2020 WL 2837009, at *2, n. 4 (S.D.N.Y. June 1, 2020).

Hon. Ronnie Abrams
August 2, 2024
Page 2

screenshot of the YouTube URL where Video 1 is posted).  FNTV claims to be, and likely is, a licensee of Plaintiff.  Defendant seeks limited discovery into the narrow question of whether FNTV was authorized to post Video 1 to YouTube.

Defendant has every reason to believe that FNTV did have such authorization from Plaintiff.  Indeed, FNTV uploaded Video 1 to YouTube with a notation that explicitly states that the video was authored by Plaintiff, and indicates that FNTV has the authority to entertain licensing inquiries for the work. *See* Ex. A.  Moreover, according to YouTube's Terms of Service, attached hereto as Exhibit B, users may not upload content unless they are legally entitled to do so. YouTube's terms of service read:

> "If you choose to upload Content, you must not submit to the Service any Content that does not comply with this Agreement (including the YouTube Community Guidelines) or the law. For example, the Content you submit must not include third-party intellectual property (such as copyrighted material) unless you have permission from that party or are otherwise legally entitled to do so."

Ex. B at "Your Content and Conduct."  If FNTV was authorized to post Video 1 to YouTube and thereby enter into YouTube's Terms of Service, Townsquare's embedding of Video 1 was likewise authorized and Plaintiff's infringement claim fails as a matter of law.

Courts may take judicial notice of website Terms of Service. *See Force v. Facebook, Inc.*, 934 F.3d 53, 59 n.5 (2d Cir. 2019) (finding that Facebook's publicly available Terms of Service and Community Standards were subject to judicial notice); *McGucken v. Newsweek LLC*, 464 F. Supp. 3d 594, 600 n.2 (S.D.N.Y. 2020) (taking judicial notice of Instagram's Terms of Use). And, under YouTube's Terms of Service, when user uploads their content to YouTube, they grant YouTube a broad license to the content including the right to reproduce, distribute, prepare derivative works of, display, perform, and importantly, to sublicense that content.  Specifically, the Terms of Use state:

> By providing Content to the Service, you grant to YouTube a worldwide, non-exclusive, royalty-free, sublicensable and transferable license to use that Content (including to reproduce, distribute, prepare derivative works, display and perform it) in connection with the Service and YouTube's (and its successors' and Affiliates') business, including for the purpose of promoting and redistributing part or all of the Service.

*See* Ex. B. In addition to granting a license to YouTube, those who upload Content to the platform also grant a sublicense to YouTube's users. Specifically, the Terms of Service state:

> You also grant each other user of the Service a worldwide, non-exclusive, royalty-free license to access your Content through the

Hon. Ronnie Abrams
August 2, 2024
Page 3

> Service, and to use that Content, including to reproduce, distribute, prepare derivative works, display, and perform it, only as enabled by a feature of the Service (*such as video playback or embeds*). For clarity, this license does not grant any rights or permissions for a user to make use of your Content independent of the Service.

*Id.* (emphasis added). Accordingly, FNTV, if it is a licensee of Plaintiff as Defendant suspects, sublicensed Video 1 to YouTube under the YouTube Terms of Service, granting it "a worldwide, non-exclusive, royalty-free, sublicensable and transferable license to use" Video 1. YouTube, pursuant to its Terms of Service, accordingly granted a sublicense to Defendant, as a "user of the Service" to re-share and, specifically, to embed Video 1 through "features of the [YouTube] Service," with the feature used being YouTube's video embedding tool.

Thus, because YouTube granted an enforceable sublicense to Townsquare to embed Video 1, and assuming FNTV had the authority to grant the license underlying this sublicense, Plaintiff's claim arising from the embedded Video 1 would fail. *Spinelli v. Nat'l Football League*, 96 F. Supp. 3d 81, 121 (S.D.N.Y. 2015) (a copyright owner who licenses rights in their work "waives any right to assert an infringement claim against the licensee, or anyone whom the licensee is entitled to sublicense, for acts within the scope of the license or sublicense"). Highly targeted discovery into FNTV's authorization to post Video 1 to YouTube would therefore go the core of Plaintiff's claim, and likely result in its complete resolution of this case.

It is "well within the District Court's discretion to permit limited discovery…" that could dispose of Plaintiff's claim on summary judgment. *See Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 56 (2d Cir. 2003) (allowing limited discovery into timing of plaintiff's affiliation with defendant ahead of renewed motion for summary judgment); *see also EM Ltd. v. Republic of Argentina,* 695 F.3d 201, 207 (2d Cir. 2012) ("Of course, as in all matters relating to discovery, the district court has broad discretion to limit discovery in a prudential and proportionate way"), *aff'd sub nom. Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134 (2014); *Powlus v. Chelsey Direct, LLC*, 2011 U.S. Dist. LEXIS 3287, at *20 (S.D.N.Y. Jan. 10, 2011) (permitting limited discovery on the existence of an oral condition precedent to a license agreement asserted by defendant in copyright infringement action); *Moore v. Cohen*, 548 F. Supp. 3d 330, 339 (S.D.N.Y. 2021) (granting summary judgment after "extremely limited discovery as to the corporate ownership of" defendant). And here, as explained above, evidence resolving the limited issue of Plaintiff's licensing relationship with FNTV may be all that is required to dispose of Plaintiff's claim on summary judgment.

Accordingly, Townsquare respectfully requests a stay of all discovery, except for limited discovery into the narrow question of whether FNTV was authorized to post Video 1 to YouTube and thereby license Video 1 per YouTube's Terms of Service. Plaintiff has indicated that he will oppose this limited request for discovery.

We thank the Court in advance for its consideration of this matter.

Hon. Ronnie Abrams
August 2, 2024
Page 4

                                                     Respectfully submitted,

                                                     /s/ *Abigail Everdell*
                                                    Abigail B. Everdell
                                                    1251 Avenue of the Americas, 21st Floor
                                                    New York, New York 10020
                                                    Tel: (212) 603-6468
                                                    E-mail: abigaileverdell@dwt.com

                                              *Attorneys for Defendant Townsquare Media, Inc.*

By separate order, this matter has been referred to Magistrate Judge Stein for general pretrial management. Defendant shall thus raise its motion with Judge Stein.

SO ORDERED.

_____
Hon. Ronnie Abrams
August 7, 2024