UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DAKOTA SANTIAGO,

                         Plaintiff,                  **24 Civ. 3851 (RA) (GS)**

                 -against-                        **ORDER**

TOWNSQUARE MEDIA, INC.,

                         Defendant.
-----------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

      In this copyright infringement action, Defendant Townsquare Media, Inc. ("Townsquare") has submitted a letter-motion seeking a stay of discovery except for "highly targeted, limited discovery into the narrow question of Plaintiff's licensing relationship with Freedom News TV." (Dkt. No. 25 at 1). Plaintiff Dakota Santiago ("Santiago") opposes the motion. (Dkt. No. 26). For the reasons set forth below, Townsquare's motion is **DENIED**.

**LEGAL STANDARD**

      A district court has the discretion, for "good cause" shown, to stay discovery or to issue a protective order limiting discovery to certain issues. Fed. R. Civ. P. 26(c); *Bachayeva v. Americare Certified Special Servs., Inc.*, No. 12 Civ. 1466 (RRM) (SMG), 2013 WL 4495672, at *4 (E.D.N.Y. Aug. 20, 2013); *see also Rouviere v. Depuy Orthopaedics, Inc.*, No. 18 Civ. 4814 (LJL) (SDA), 2020 WL 2999229, at *2 (S.D.N.Y. June 3, 2020) ("a district court has broad latitude to determine the scope of discovery and to manage the discovery process"). The party seeking to limit

discovery has the burden to show good cause. *See, e.g.*, *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014).

## DISCUSSION

The parties' dispute centers around certain videos of newsworthy events created by Santiago, a video journalist. (Dkt. No. 1 ("Complaint" or "Compl.") ¶¶ 2, 10). These videos were allegedly reproduced and displayed on nj1015.com, a New Jersey news station website owned and operated by Townsquare. (*Id.* ¶¶ 3, 29-32). According to Santiago, Townsquare did not have his permission or authorization to copy or display these videos and in so doing violated his rights under copyright law. (*Id.* ¶ 4).

In support of its motion, Townsquare argues that a video allegedly authored by Santiago that appeared on its website, depicting first responders arriving on the scene of a cargo ship fire ("Video 1"), had been posted to a Freedom News TV ("FNTV") YouTube channel. (Dkt. No. 25 at 1). According to Townsquare, if FNTV had authority from Santiago to post Video 1 to YouTube, this meant, under YouTube's Terms of Service, that YouTube had a license to use Video 1 and, in turn, that YouTube users, such as Townsquare, had a sublicense to re-share and embed Video 1. (*Id.* at 2). Therefore, as Townsquare puts it, "[i]f FNTV was authorized to post Video 1 to YouTube and thereby enter into YouTube's Terms of Service, Townsquare's embedding of Video 1 was likewise authorized and Plaintiff's infringement claim fails as a matter of law." (*Id.*).

Townsquare believes it is likely Santiago did authorize FNTV to post Video 1 to YouTube. (*Id.*). Townsquare thus seeks to limit discovery to "the narrow question of whether FNTV was authorized to post Video 1 to YouTube." (*Id.* at 3). It asserts that this is "[t]he *only* factual question" in the case and, once the answer to that question is obtained, "all of Plaintiff's claims may be decided as a matter of law with no further discovery." (*Id.* at 1; emphasis in original).

But this is not so. Santiago's Complaint alleges that Townsquare illegally reproduced *two* videos he created: Video 1 *and* another recording ("Video 2") of an entirely different news event involving a fatal attack on a woman in Cresskill, New Jersey. (Compl. ¶¶ 16-17, 32). Townsquare's letter-motion does not mention Video 2 or suggest how pursing the limited discovery it seeks with regard to Video 1 could dispose of Santiago's claim relating to Video 2. For this reason alone, Townsquare's motion lacks merit.

Moreover, even with respect to Santiago's claim on Video 1, Townsquare has failed to show that the question regarding FNTV's authority is "the *only* factual question" that is relevant. (Dkt. No. 25 at 1). Townsquare states that it intends to move for summary judgment not only on the ground that Santiago authorized FNTV to post Video 1 on YouTube, but also on the grounds that Townsquare's display of screenshots of Santiago's videos were "*de minimis*" and constituted "fair use." (*Id.*). These are normally factual questions, at least in part, and Townsquare does not explain how they could be resolved without any discovery. Further, Santiago disputes that under YouTube's Terms of Service, Townsquare would have

3

been authorized to use Video 1 for commercial purposes if Santiago had authorized FNTV to post the video to its YouTube channel. (Dkt. No. 26 at 3).

For all these reasons, Townsquare has failed to meet its burden of demonstrating "good cause" for limiting discovery to the single issue it wishes to focus on and staying all other discovery. Discovery should proceed in this case in the normal manner. Townsquare's motion is, therefore, denied. By no later than **October 11, 2024**, the parties shall submit a revised proposed Case Management Plan and Scheduling Order. The parties may continue to use Judge Abrams' form Case Management Plan and Scheduling Order as they did previously (*see* Dkt. No. 20).

The Clerk of Court is respectfully directed to close the motion pending at Docket Number 25.

**SO ORDERED.**

DATED:   New York, New York
         October 4, 2024

_____
GARY STEIN
United States Magistrate Judge